# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 6:13CR114-RC |
| v. § | |
| § | |
| § | |
| § | |
| BRITTANY NICHOLE MULLENS § | |
| (16) | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
### FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 14, 2016, alleging that the Defendant, Brittany Nichole Mullens, violated eight conditions of her supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Brittany Nichole Mullens was sentenced on December 17, 2014, before The Honorable Leonard Davis, of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at least 30 Grams but less than 40 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. Brittany Nichole Mullens was subsequently

sentenced to 24 months of imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include providing the probation officer with access to requested financial information, participating in a program of testing and treating for drug abuse and participating in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider, and a $100 special assessment.

## II.  The Period of Supervision

On August 11, 2015, Brittany Nichole Mullens completed her period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising eight allegations.  The petition alleges that Brittany Nichole Mullens violated the following conditions of release:

> Allegation 1. The defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
>
> Allegation 3. The defendant shall not leave the judicial district without permission of the Court or probation officer
>
> Allegation 4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
>
> Allegation 5. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

Allegation 6. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

Allegation 7. The defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

Allegation 8. Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The defendant shall pay any cost associated with treatment and testing.

### IV. Proceedings

On November 2, 2016, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the fifth allegation that claimed she submitted a urine specimen on September 2, 2016 that tested positive for methamphetamine. In return, the parties agreed that she should serve a term of imprisonment of 8 months imprisonment, with no supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal

Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a) [1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by using methamphetamine, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade B violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of I, the policy statement imprisonment range is 4 to 10 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than Choose an item. years.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

**VI. Application**

The Defendant pled "true" to the petition's allegation that she violated a standard condition of release by using methamphetamine. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 4 to 10 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 8 months, with no term of supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that she violated a standard condition of release by using methamphetamine. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 8 months imprisonment, with no term of supervised release to follow. The Defendant requested to serve her prison term at the Federal Correctional Institution in Carswell to facilitate family visitation. The Defendant's request should be accommodated, if possible.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); Fed. R. Civ. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

So ORDERED and SIGNED this 2nd day of November, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE